**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELIJAH NAVO, a minor, by his Parent and Natural Guardian, EBONY WILLIAMS, individually and on behalf of her son, ELIJAH NAVO,<br><br>                              Plaintiffs,<br><br>             v.<br><br>SANDY SHORES RESORT MOTEL, INC.,<br>                              Defendant. | CIVIL ACTION<br>NO.: 1:22-cv-00920<br>JURY TRIAL DEMANDED |

**DEFENDANT SANDY SHORES RESORT MOTEL, INC.'S ANSWER**
**TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Sandy Shores Resort Motel, Inc. ("Defendant"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby answers Plaintiffs Complaint as follows:

## PARTIES

1.      Denied.  After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

2.      Denied.  After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

3.      Denied.  After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

4.      Denied.  After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

5.      Admitted.


## ALLEGATIONS OF JURISDICTION

6.(a) to (c), inclusive.  Denied as conclusions of law.

7.      Denied as a conclusion of law.


## FACTS APPLICABLE TO ALL COUNTS

8.      Denied as a conclusion of law.

9.      Denied as a conclusion of law.

10.     Denied.

11.     Denied as stated.

12.     Denied as stated.

13.     Denied.

14.     Defendant denies a floating lifeline was required.

15.     Denied.   After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

16.     Denied.   After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

17.     Denied.     After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

18.     Denied.     After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

19.     Denied.     After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

20.     Denied.

21.     Denied.     After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

22.     Admitted upon present information and belief.

23.     Denied.     After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

24.     Admitted upon present information and belief.

25.     Denied.     After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

26. (a) to (d), inclusive.      Denied as conclusions of law to which no response is required.  By way of further response and to the extent the allegations are deemed factual and require a response, denied.

27.      Denied.

28.      Denied as a conclusion of law.

29.      Denied as a conclusion of law.

30.      Denied.

31.      Denied.

32.      Denied as a conclusion of law to which no response is required.  By way of further response and to the extent the allegations are deemed factual and require a response, denied.

33.      Denied.

34. (a) to (f), inclusive.      Denied.

35.      Denied.    After reasonable investigation, Defendant is without sufficient information to admit or deny the allegations of this paragraph and the same are denied.  Strict proof thereof are demanded at time of trial, if necessary.

WHEREFORE, Defendant, Sandy Shores Resort Motel, Inc., demands judgment in its favor and against all other parties, in addition to costs, attorneys' fees, and such other relief as this Honorable Court deems appropriate.


**COUNT I**
**Plaintiffs v. Defendant**
**<u>Negligence</u>**

36.      Defendant incorporates by reference its responses to the preceding paragraphs as though the same were set forth at length, herein.

37. (a) through (y), inclusive.  Denied.

38.     Denied.

WHEREFORE, Defendant, Sandy Shores Resort Motel, Inc., demands judgment in its favor and against all other parties, in addition to costs, attorneys' fees, and such other relief as this Honorable Court deems appropriate.


**COUNT II**
**Plaintiff Williams v. Defendant**
**Negligence**

39.     Defendant incorporates by reference its responses to the preceding paragraphs as though the same were set forth at length, herein.

40.     Denied.

WHEREFORE, Defendant, Sandy Shores Resort Motel, Inc., demands judgment in its favor and against all other parties, in addition to costs, attorneys' fees, and such other relief as this Honorable Court deems appropriate.


**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The allegations in the Complaint fail to state a claim against Defendant upon which relief can be granted.


**SECOND AFFIRMATIVE DEFENSE**

If Plaintiffs suffered damages, the same were caused by that Plaintiffs' sole negligence.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiffs suffered damages, the same were caused by third persons over whom Defendant had no control.

## FOURTH AFFIRMATIVE DEFENSE

Defendant acted properly and exercised due care at all times relevant hereto.

## FIFTH AFFIRMATIVE DEFENSE

The causes of action in this Complaint are barred by the applicable Statute of Limitations and/or Repose.

## SIXTH AFFIRMATIVE DEFENSE

Defendant did not violate any duty owed to Plaintiffs under common law, statute, regulations or standards.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's conduct was not negligent or careless.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's conduct was not the proximate and/or factual cause of any of the alleged damages of Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Defendants plead the Comparative Negligence Statute, N.J.S.A. 2A:15-5.1, et seq., as to all parties and assert that Plaintiffs' claims against Defendants are barred and/or limited based upon Plaintiff's contributory negligence.

## <u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs failed to mitigate damages.

## <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Since Plaintiff received or is entitled to receive benefits for the injuries allegedly incurred from sources other than a joint tortfeasor, the amount of these benefits (other than worker's compensation benefits or proceeds from a life insurance policy) which duplicate any benefits contained in the award shall be deducted from any award recovered by the plaintiff, less any premium paid.  <u>N.J.S.A.</u> 2A:15-97.

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claim are barred based upon assumption of the risk and/or the result of an open and obvious condition.

## <u>RESERVATION OF DEFENSES</u>

Defendant reserves the right to assert any of the defenses, objections and/or claims that are or may in the future be warranted against any and all parties presently named and/or in the future to be named in the underlying controversy.

WHEREFORE, Defendant, Sandy Shores Resort Motel, Inc., demand judgments in its favor and against all other parties, in addition to costs, attorneys' fees, and such other relief as this Honorable Court deems appropriate.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:  /s/ Brian F. Breen

Brian F. Breen, Esquire
Jesse M. Endler, Esquire
Counsel for Defendant
NJ ID Nos.  019381997/014062005
Wilson Elser Moskowitz Edelman & Dicker LLP
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
215.627.6900
brian.breen@wilsonelser.com
jesse.endler@wilsonelser.com

Date:  April 22, 2022